1
2
3
4
5
6
7

8                                  UNITED STATES DISTRICT COURT

9                                  CENTRAL DISTRICT OF CALIFORNIA

10

11   THE CIA FIXED THE 2020 U.S.                    Case No. 2:20-cv-10769-ODW (GJS)
     PRESIDENTIAL ELECTION
12   FREDERICK BANKS RECEIVED                       **ORDER DISMISSING PETITION**
     TWO ALLEGHENY COUNTY
13   (PITTSBURGH) PENNSYLVANIA
     BALLOTS OTHER PA VOTERS
14   WHO RECEIVED MULTIPLE
     BALLOTS LIKELY SENT THEM
15   ALL IN AKA VOTED MULTIPLE
     TIMES BY MISTAKE IF NOT
16   PURPOSELY WHICH IS HOW JOE
     BIDEN WAS ABLE TO CLOSE AN
17   OVER 125,000 VOTE LEAD
     TRUMP HAD IN PENNSYLVANIA
18   FREDERICK BANKS SENT BOTH
     BALLOT ENVELOPES TO
19   IVANKA TRUMP AT THE WHITE
     HOUSE,
20
                   Petitioner
21
            v.
22
     THE CIA USED A TECHNOLOGY
23   CALLED "MICROWAVE
     HEARING" OR "MICROWAVE
24   AUDITORY EFFECT" TO
     INFLUENCE ELECTION
25   OFFICIALS AND VOTERS;
     CENTRAL INTELLIGENCE
26   AGENCY; FCI Oakdale, LA Warden
     Maat,
27
                   Respondents.
28

On November 23, 2020, a putative 28 U.S.C. § 2241 habeas petition was filed in this District [Dkt. 1, "Petition"].  The Petition was filed by Frederick Banks, a convicted federal criminal currently incarcerated in the State of Louisiana at FCI-Oakdale.  The Petition does not name an actual Petitioner but, rather, just sets forth the rambling verbiage quoted verbatim in the caption above.  Banks is the only signatory to the Petition and mailed it from his present place of incarceration.  The Petition names the Central Intelligence Agency ("CIA") and the apparent Warden of Banks's custodial institution as Respondents.

The Petition does not challenge a conviction or sentence, nor does it challenge the manner in which Banks's current criminal sentence is being executed.  Rather, the Petition seeks to prevent President-Elect Joe Biden from taking office on the basis of purported election fraud.  Banks asserts that election fraud occurred because:  (1) he received two ballots from Allegheny County, Pennsylvania and speculates that others did as well and sent both ballots in and, thus, voted twice[1]; and the CIA employed "microwave hearing" technology to "fix" the 2020 election.  As relief, Banks:  asks the Court to order recounts of all votes in Pennsylvania, Arizona, Nevada, North Carolina, and Georgia; and asserts that he is entitled to be discharged from his federal criminal custody due to this purported election fraud.

The Court need not recount Banks's prior criminal history other than to take judicial notice, pursuant to Fed. R. Evid. 201, that in his most recent criminal case, Banks was tried by jury in the United States District Court for the Western District of Pennsylvania.  Banks was found guilty of multiple federal counts of wire fraud and one federal count of aggravated identity theft on November 8, 2019.  Banks was

---

[1]     As Exhibit A to the Petition shows, the initial ballot sent to Banks and others was defective and corrected ballots thereafter were sent, voters were told to destroy the originally-sent defective ballots, and voters further were told that the original ballot, if sent in, would be segregated and that "[o]nly one ballot would be counted for each voter" even if both were returned.  Thus, Banks' speculation that Allegheny County voters may have voted twice is frivolous.  Moreover, by his own admission, Banks did not vote twice, because he asserts that he sent his two ballots to Ivanka Trump rather than to Pennsylvania election officials.

sentenced on June 16, 2020, to consecutive terms of 80 months and 24 months imprisonment, to be followed by several years of supervised release.  *See* Docket in Case No. 2:15-cr-00168 (W.D. Pa.).

Apart from his criminal status and related time spent in the federal court system, Banks also is "a notorious frequent filer" in the federal court system, whose cases routinely are dismissed at the pleading stage as frivolous.  *See Banks v. Song*, No. 1:17-cv-00339 (D. Haw. July 25, 2017) (Order Dismissing Action and Denying In Forma Pauperis Application); *see also Banks v. Cuevas*, No. 4:17CV2460, 2018 WL 1942192, at *1 (N.D. Ohio April 25, 2018) (describing Banks as a "frequent filer of frivolous actions in federal and state courts"); *Banks v. Song*, No. 17-00093, 2018 WL 3130940, at *1-*2 (D. Guam Jun. 26, 2018) (finding lawsuit filed by Banks related to his present criminal prosecution essentially was the same suit that he had filed in a number of other Districts in the United States and was "malicious" and improperly filed in the District of Guam); *Banks v. New York Police Dept.*, No. 4:15-CV-75-RLW, 2015 WL 1414828, at *2-*3 (E.D. Mo. Mar. 26, 2015) (dismissing as legally frivolous and malicious mandamus action brought by Banks seeking relief based upon, *inter alia*, the deaths of Eric Garner and Michael Brown).[2]  Pursuant to Fed. R. Evid. 201, the Court has taken judicial notice of the case dockets and filings available through the PACER and Westlaw systems relating to Banks, which show probably well over 1,000 federal civil proceedings initiated by Banks over the past decade.

---

[2]      Banks also has filed a number of actions in this District that have been summarily dismissed as frivolous.  *See* Case Nos.:  2:15-cv-04225-ODW (GJSx); 2:16-cv-05544-JAK (KSx); 2:16-cv-07398-R (JPSx); 2:16-cv-07954-ODW (GJS); 2:17-cv-05412-GW (JPRx); 5:18-cv-00526-ODW (GJS); 5:19-cv-00780-ODW (GJS); 2:19-cv-06748-JAK (JC); 2:19-cv-07428-ODW (GJS); 2:19-cv-08514-ODW (GJS); 2:19-cv-10468-ODW (GJS); 2:20-cv-00665-ODW (GJS); 2:20-cv-00680-ODW (GJS); 2:20-cv-00979-ODW (GJS); 2:20-cv-01138-ODW (GJS); 2:20-cv-03640-ODW (GJS); 2:20-cv-05579-ODW (GJS); 2:20-cv-06288-ODW (GJS); 2:20-cv-06919-ODW (GJS); 2:20-cv-07554-ODW (GJS); 2:20-cv-08191-ODW (GJS); and 2:20-cv-08541-ODW (GJS).

When federal courts began dismissing Banks's civil cases under 28 U.S.C. § 1915(g) due to his numerous "strikes," he turned to filing 28 U.S.C. § 2241 or other types of petitions or motions in an attempt to avoid the Section 1915(g) limitation on his ability to file actions without paying the filing fee.  *See Banks v. Valaluka*, No. 1:15-cv-01935 (N.D. Ohio Nov. 18, 2015) (denying leave to proceed *in forma pauperis* and dismissing purported mandamus action).)  As one District Court described him:

> Banks is a well-established, multi-district, frequent filer, who has brought over 350 cases in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the Western District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska.  All of these cases were dismissed as frivolous.  He has been declared to be subject to three strike provision of 28 U.S.C. § 1915(g) on numerous occasions.  Undeterred, Banks utilizes § 2241 to circumvent the application of § 1915(g).

*Banks v. Greene*, No. 4:18-cv-0884, 2018 WL 4615938, at *1 n.1 (N.D. Ohio, Sept. 25, 2018).

In addition to numerous findings that Banks's case-initiating filings are frivolous, Banks has been designated as a vexatious litigant.  *See, e.g., Banks v. Pope Francis*, No. 2:15-cv-01400 (W.D. Pa. Dec. 8, 2015) (Order designating Petitioner as a vexatious litigant).  That vexatious litigant designation has been ordered extended to cover filings made by Banks on behalf of any other persons, whether as a purported "next friend" or otherwise, unless and until he has complied with the requirements of the original vexatious litigant designation order.  *See United States v. Miller*, 726 Fed. App'x 107 (June 7, 2018) (affirming district court order so extending scope of vexatious litigant order entered against Banks).

4

As even the most cursory review of his cases available through the PACER system shows, Banks has a history of filing delusional and meritless actions on his own behalf or supposedly on behalf of others with whom he has no connection, often alleging some sort of mysterious electronic surveillance or use of "microwave" technology by the CIA.  *See, e.g., Banks v. United States*, No. 19-CV-8829 (CM), 2019 WL 4933424, at *1 (S.D.N.Y. Oct. 7, 2019) ("Banks has a history of filing actions on behalf of others without their permission, either by using the 'next friend' device or by naming another individual as a co-plaintiff without that individual's authorization"; and finding that Section 2241 petition brought by Banks on the purported behalf of climate activist Greta Thunberg was a "continuation of [his] pattern of vexatious, frivolous, and nonmeritorious litigation" that warranted summary dismissal); *Banks v. Crooked Hilary*, No. 2:16-cv-07954 (C.D. Cal. Oct. 26, 2016) (Order denying leave to proceed *in forma pauperis* and discussing some of the prior decisions finding Petitioner's actions to be frivolous and delusional); *Schlemmer v. Central Intelligence Agency*, No. 2:15-cv-01583 (W.D. Pa. Dec. 15, 2015) (Order dismissing with prejudice a 28 U.S.C. § 2241 habeas petition filed by Petitioner as purported "next friend" on behalf of a criminal defendant with whom he had no relationship); *Valaluka, supra* (Order at 2:  "Banks has not limited his frivolous filings to cases he files in his own name, but has expanded his efforts by filing cases and motions on behalf of other prisoners, often without their knowledge or consent.").

The "Petitioner" in this case set forth in the case caption consists only of garbled and run-on text that does not constitute "a person in custody" for purposes of Section 2241 habeas relief and is not a legitimate habeas petitioner.  Respondent CIA also is not a legitimate habeas Respondent, as this federal intelligence agency is not "the person who has custody over" Banks for federal habeas purposes (*see* 28 U.S.C. § 2242) and, thus, is not a viable Respondent for a Section 2241 action.

1    This procedural defect aside, there are other more fundamental defects that exist
2    here.  It is plain that there is and can be no viable claim for relief alleged in the
3    Petition based on its subject matter, but particularly so to the extent that Banks
4    purports to seek "habeas" relief.  Banks' assertions of election fraud, even if they
5    had factual merit (which they do not), do not give rise to a right to federal habeas
6    relief on anyone's part, much less his.  Banks' assertion that the CIA "is employing
7    microwave hearing & FISA" on him, and that this is why he is in federal criminal
8    custody, is factually and legally frivolous within the meaning of *Denton v.*
9    *Hernandez*, 504 U.S. 25, 32-22 (1989), and *Neitzke v. Williams*, 490 U.S. 319, 325
10   (1989).  Banks is in custody because he has been convicted of federal crimes in a
11   different federal District and is serving his related sentence in a different District,
12   not because of any putative FISA warrant and/or electronic surveillance by the CIA.
13   Banks is not in custody in this District for habeas or any other purposes, because he
14   was not convicted in this District and is not incarcerated here.  *See Banks v. Canada*,
15   No. 9:20-CV-0064 (LEK), 2020 WL 1689859, at *2 (N.D.N.Y. April 7, 2020)
16   (dismissing Section 2241 petition brought by Banks raising the same allegations he
17   has made in prior cases brought here and finding his allegation that the CIA's
18   alleged electronic signal originated in the district insufficient to confer jurisdiction
19   in the district, given that his district of confinement was elsewhere).

20   Banks has been time after time that his various "habeas" actions – all apparently
21   motivated by something he has seen on the news – do not belong in this District.
22   Nonetheless, he persists in filing patently frivolous actions in this District that have
23   no place here.  Even if election fraud had occurred in Allegheny County,
24   Pennsylvania, as Banks asserts, this District would not be the proper venue for any
25   lawsuit related to that or to any asserted election irregularities in states other than
26   California.

27   Moreover, as Banks also has been told over and over again, he has no right to
28   purport to represent anyone else in legal proceedings, including here voters in the

6

1    2020 Presidential election.  Generally, non-lawyers may not represent other persons
2    in court.  *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)
3    ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from
4    pursuing claims on behalf of others in a representative capacity"); *Collinsgru v.*
5    *Palmyra Bd. Of Educ.*, 161 F.3d 225, 232 (3rd Cir. 1998).  28 U.S.C. § 1654 permits
6    persons to appear on a pro se basis <u>only</u> in their "own cases personally."  *See*
7    *Shephard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).  Local Rule 83-2.10.2
8    expressly prohibits a pro se litigant from delegating his representation to any other
9    person.  Because Banks is not a lawyer authorized to practice in this Court, he may
10   not pursue relief on behalf of anyone else here, other voters.  *See C.E. Pope Equity*
11   *Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a layperson acting in pro
12   per may not appear or seek relief on behalf of others); *see also Banks as next friend*
13   *of Waymer v. Eddy*, 801 Fed. App'x 50 (3rd Cir. April 14, 2020) (affirming
14   dismissal of Section 2241 petition brought by Banks on behalf of others and finding
15   that not only did Banks lacked standing to seek relief on behalf of others as a next
16   friend, but that "as a layperson, Banks cannot represent other parties," even if he is
17   purporting to act as a next friend); *Banks v. NPR New Morning Edition*, 795 Fed.
18   App'x 92 (3rd Cir. Feb. 25, 2020) (affirming dismissal of Section 2241 petition
19   brought by Bank on behalf of Anthony Bourdain and finding that "Banks cannot
20   litigate on behalf of Bourdain or his estate").

21        If Banks wishes to challenge his present criminal custody, there are established
22   avenues for him to do so, but none of them include bringing repeated and frivolous
23   28 U.S.C. § 2241 or other civil actions outside of the District of conviction based on
24   matters having nothing to do with his present conviction and/or sentence.  The
25   matters alleged in the Petition simply do not involve situations in which Section
26   2241 federal habeas jurisdiction or any other basis for federal jurisdiction properly
27   can be invoked, much less in a District having nothing to do with him or the
28   purported election-related matters of which he complains.

1       Accordingly, IT IS ORDERED that:  the Petition is dismissed for lack of

2   jurisdiction; and Judgment shall be entered dismissing this action.

3

4   DATED: _December 2, 2020

5   _____

6   OTIS D. WRIGHT II
    UNITED STATES DISTRICT JUDGE

7   Submitted by:

8

9   _____

10  GAIL J. STANDISH
    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8